United States District Court
or the
Southern District of Florida

| | |
|---|---|
| B&G Investments, S.A., Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-22145-Civ-Scola |
| ) | |
| Nodus International Bank, Inc. and ) | |
| others, Defendants. ) | |

**Order Denying Motion to Dismiss**

  Plaintiff B&G Investments, S.A., seeks to recover damages from Defendants Nodus International Bank, Inc ("Nodus Bank"), Nodus Finance, LLC ("Nodus Finance"), and Nodus Financial Holdings, Inc. ("Nodus Financial Holdings") for funds B&G says it deposited with Nodus Bank which the Defendants, in concert, then wrongfully retained. (Am. Compl., ECF No. 6.) In its complaint, B&G lodges six counts: a violation of Puerto Rico's Commercial Transactions Act (count one, against Nodus Bank); conversion (counts two, four, and five against Nodus Bank, Nodus Finance, and Nodus Financial Holdings, respectively); civil theft (count three, against Nodus Bank); and unjust enrichment (count six, against all three Defendants). (*Id.*) In response, the Defendants contend the case should be dismissed because (1) B&G has failed to allege the Court's jurisdiction over this case; and (2) the parties' contract precludes the relief B&G seeks. (Defs.' Mot., ECF No. 18.) B&G counters that (1) the Defendants' jurisdictional arguments are improperly based on the initial complaint, rather than B&G's amended complaint; (2) B&G has properly alleged diversity jurisdiction; and (3) the Defendants' contractual arguments fail because the contract was submitted in Spanish and, in any event, cannot divest the Court of subject-matter jurisdiction. (Pl.'s Resp., ECF No. 26.) The Defendants did not file a reply and the time to do so has passed. After careful review of the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendants' motion to dismiss (**ECF No. 18**).

  First, the Defendants' contention that the "Complaint is devoid of any allegations serving to properly establish . . . the citizenship of each Defendant" is meritless. (Defs.' Mot. ¶ 6.) While B&G's initial pleading failed to properly allege the identity or citizenship of the members of Nodus Finance, a limited liability company, this defect was remedied in B&G's amended complaint. In B&G's amended complaint, the citizenship of the Plaintiff and all three Defendants is properly alleged: B&G, a corporation, is incorporated and has its principal place of business in Argentina (Am. Compl. ¶ 2); Nodus Bank, a corporation, is incorporated and has its principal place of business in Puerto Rico (*id.* ¶ 3); Nodus Financial Holdings, a corporation, is incorporated and has its principal

place of business in Florida (*id.* ¶ 6); and Nodus Financial Holdings, a citizen of Florida, is the sole member of Nodus Finance, a limited liability company (*id.* ¶¶ 4–6). These allegations sufficiently allege the diverse citizenship of the parties in this case.

Similarly, the Defendants' protestation that B&G's allegations fail to set forth "any specified estimate as to the amount of damages at issue capable of meeting the jurisdictional threshold" is equally meritless. (Defs.' Mot. ¶ 6.) The Defendants maintain that B&G "has done nothing more than allege, in Paragraph 1 of the Complaint, that its claim . . . exceeds the amount in controversy." (*Id.* ¶ 11.) That is incorrect. First, B&G claims the Defendants are wrongfully withholding $74,770 that was remaining in its account. (Am. Compl. ¶ 56.) While it is true that the $74,770 alone is just shy of the jurisdictional amount, other damages sought in the complaint easily push the amount in controversy beyond the $75,000 threshold. For example, in count three—the claim for civil theft against Nodus Bank—B&G seeks not only the return of the wrongfully withheld $74,770, but also attorney's fees,[1] as provided for by Florida Statute, as well as treble damages. Accordingly, the Court has no difficulty concluding B&G has sufficiently alleged an amount in controversy beyond the $75,000 jurisdictional threshold.

Finally, the Court is unable to discern the basis for the Defendants' position that the parties' contract "reveal[s] a flaw that would prove fatal to its claim based on jurisdiction." (Defs.' Mot. ¶ 12.) According to the Defendants, the parties' contract is "governed and interpreted in accordance with the laws of Puerto Rico" and requires B&G to (1) "submit to the jurisdiction and competency of the forum elected by the bank" and (2) "waive[] any objection to the selection of the forum based on convenience or competency." (*Id.* ¶ 13.) In support, the Defendants reference only the contract itself, which is attached to their motion. (Contract, ECF No. 18-1.) The Defendants' argument, such as it is, wholly misses the mark. First, to the extent the Defendants' position is even discernable, they have cited no legal authority to support it and the Spanish contract they attach to the motion is untranslated. Both defects doom the Defendants' efforts. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of

---

[1] The Court has no difficulty surmising that B&G's prevailing attorney's fees would amount to more than $230.01. On its own this is sufficient to satisfy the jurisdictional threshold amount.

perfect transparency, that federal court proceedings must be conducted in English.") (recognizing the "well-settled rule that parties are required to translate all foreign language documents into English"); S.D. Fla. Civ. Filing Reqs. Rule 2N ("Documents not written in English . . . must be accompanied by a translation, unless a waiver has been granted by the Court.").

In sum then, the Defendants have failed to persuade that subject-matter jurisdiction is lacking. Accordingly, the Court **denies** their motion to dismiss (**ECF No. 18**).

The Defendants have also filed a motion to stay this case (Defs.' Mot. to Stay, ECF No. 38) to which B&G has responded (Pl.'s Resp. to Mot. to Stay, ECF No. 39). No reply has been filed and the time to do so has passed. According to the Defendants, Nodus Bank has entered into a "Plan of Voluntary Liquidation and Dissolution" through which a receiver has been appointed. (Defs.' Mot. to Stay at 2–3.) Although the Court agrees that the pending receivership and dissolution of one of the Defendants in this case may complicate these proceedings, the Court finds no support for the Defendants' further contention that rulings in the Puerto Rican court handling the receivership "are potentially dispositive of the issues raised in the instant case." (*Id.* at 3.) The Court also finds no support for the Defendants' pure speculation that a stay of this entire case is warranted because of one Defendant's receivership proceedings. In sum, the Defendants have failed to carry their burden of convincing the Court to exercise its discretion to stay this case. The Court thus **denies** the Defendants' motion to stay (**ECF No. 38**) and orders them to file their answers to the complaint on or before **December 22, 2023**.

**Done and ordered** in Miami, Florida, on December 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge